IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**WILLIAM HENRY SEALS-BEY,**

    Petitioner,

v.                                              **CIVIL ACTION NO. 2:10cv74**
                                                        **(Judge Maxwell)**

**WARDEN JAMES CROSS,**

    Respondent.

## REPORT AND RECOMMENDATION

### I. BACKGROUND

On June 10, 2010, the *pro se* petitioner, William Henry Seals-Bey, an inmate at USP Hazelton, filed an Application for Habeas Corpus Pursuant to 28 U.S.C. §2241. The petitioner paid the required filing fee on the same date. This matter is pending before me for an initial review and Report and Recommendation pursuant to LR PL P 83.09.

### II. FACTS

On May 23, 1996, following a jury trial, the petitioner was convicted of conspiracy, kidnapping and extortion. On September 16, 1996, the petitioner was sentenced to 60 months imprisonment for conspiracy, 240 months for extortion, and life imprisonment for kidnapping, all to run concurrently. The petitioner appealed his conviction and sentence on September 17, 1997. The appeal was denied on December 5, 1997. See USA v. Seals, 130 F.3d 451 (U.S.App.D.C.1998). The petitioner's Writ of Certiorari was denied on June 16, 1998. On June 14, 1999, the petitioner filed a Motion to Vacate under 28 U.S.C. § 2255, which was denied on July 29, 2004.[1]

### III. Claims of the Petition

---

[1] 1:95-cr-00284-RCL-1, United States District Court for the District of Columbia.

1

In support of his § 2241 petition before this Court, the petitioner claims that he was "improperly designated as the res (William Henry Seals)" under 28 U.S.C. § 1332. He then claims that Seals-Bey has "titled to the res– (William Henry Seals)." The petitioner all alleges corporate citizenship is not "citizenship" for the purposes of Article IV § 2. He further alleges that the Treaty of Peace and Friendship with Morocco and the Universal Declaration of Human Rights were violated. Finally, the petitioner challenges his sentence by alleging that his life sentence is unconstitutional under the federal sentencing guidelines. For relief, the petitioner would like to be awarded $1,000,000 per year of incarceration and release from incarceration.

## IV. Analysis

### A. Lack of Jurisdiction

Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under section 2255 in the district court of conviction. A petition for writ of habeas corpus, pursuant to section 2241, on the other hand, is intended to address the **execution** of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated. While the terms of section 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under section 2241, there is nonetheless a "savings clause" in section 2255, which allows a prisoner to challenge the validity of his conviction under section 2241 **if** he can demonstrate that section 2255 is "inadequate or ineffective to test the legality of his detention." Title 28 U.S.C. § 2255. A petitioner bears the burden of demonstrating that the section 2255 remedy is "inadequate or ineffective," and the standard is an extremely stringent one. In the Fourth Circuit, section 2255 is deemed to be "inadequate and ineffective" to test the legality of a conviction **only** when all three of the following conditions are satisfied:

> (1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which

> the prisoner was convicted is deemed not to be criminal, **and**
>
> (3) the prisoner cannot satisfy the gate-keeping provisions of section 2255 because the new rule is not one of constitutional law.

See In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000) (emphasis added).

In this case, the petitioner is not challenging the execution of his sentence, but instead is challenging the imposition of his sentence. Although the petitioner has not raised the savings clause, it is clear that he is not entitled to its application. In the instant case, even if the petitioner satisfied the first and the third elements of Jones, violations of 21 U.S.C. §§ 846, 922(g)(1), and 18 U.S.C. § 1956(a)(1)(A)(I) all remain criminal offenses, and therefore the petitioner cannot satisfy the second element of Jones. Consequently, the petitioner has not demonstrated that §2255 is an inadequate or ineffective remedy, and he has improperly filed a §2241 petition.

Moreover, to the extent that the petitioner claims that he was "improperly designated as res (William Henry Seals)" under 28 U.S.C. § 1332 and that Seals-Bey "has title to the res (William Henry Seals)," the same states no ground for relief. The petitioner offers no further discussion regarding these claims, but construed liberally, it appears that he is claiming that his name was incorrectly designated as "Seals" rather than "Seals-Bey" in the criminal proceedings. However, the extent that his legal name was Seals-Bey, such minor mis-designations do not afford him any right to relief where the evidence indicates that "Seals" and "Seals-Bey" are one in the same person. See Troupe v. Barnhart, 140 F. Apps. 544 (5th Cir. 2005). In this case, the record conclusively establishes that Seals-Bey and Seals is the same person convicted in the United States District Court for the District of Columbia.

Furthermore, to the extent that the petitioner argues for relief under the Privileges and Immunities Clause of the Constitution claiming that corporate citizenship is not "citizenship" for the purposes of Article IV § 2, he again fails to state a claim for relief. No corporations or corporate citizens were involved in this matter, and therefore, Article IV § 2 has no application.

Likewise, the Treaty of Morocco offers no grounds for relief because, even if the treaty could have conferred any substantial rights upon the petitioner, it was only in effect from 1786 A.D. until 1836 A.D.

3

Finally, pursuant to the Universal declaration of Human Rights, the petitioner alleges that he has suffered from violations of several of its articles. He fails, however, to allege any facts to support his claims other than citing to the articles themselves. Accordingly, he fails to state any right to relief under the Declaration.

## V. **RECOMMENDATION**

Based on the foregoing, the undersigned recommends that the petitioner's §2241 petition be **DENIED and DISMISSED WITH PREJUDICE.**

Any party may file, within fourteen (14) days after being served with a copy of this Recommendation, with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Robert E. Maxwell, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last know address as shown on the docket sheet.

DATED: July 23, 2010

           /s/ James E. Seibert
           JAMES E. SEIBERT
           UNITED STATES MAGISTRATE JUDGE